# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SAMMIE MCPHAUL, as the surviving brother of
decedent, ALFRED MCPHAUL, and as the soon to
be appointed administrator of THE ESTATE OF
ALFRED MCPHAUL,

      Plaintiff,

      v.

COLLEGE HILLS OPCO, LLC, doing business as
Legacy at College Hill, and CAMPBELL STREET
SERVICES LLC,

      Defendants.

Case No. 24-1143-JWB-BGS

## MEMORANDUM AND ORDER

The matter comes before the Court on the motion for costs filed by Defendants College Hills OPCO, LLC and Campbell Street Services, LLC (collectively, "Defendants"). Doc. 81. The motion requests an award of costs and attorneys' fees incurred from "Plaintiff's failures to obey the Court's Scheduling Order and timely designate expert witnesses, and the motion practice that was directly caused as a result of such failures." *Id.* at 1. Plaintiff opposes the motion arguing that an award of costs and fees is unjust. Doc. 86. After reviewing the parties' briefs and supporting memoranda, the Court **GRANTS in part and DENIES in part** Defendants' motion.

## I. Background.

The procedural background of this case was extensively recounted in the Court's recent order granting leave to amend the scheduling order. *See* Doc. 75. For that reason, the Court will not repeat the entire factual background but will briefly summarize the facts relevant to the motion before the Court.

1

The present motion is a continuation of a previous dispute. The dispute concerned Plaintiff's request to amend the scheduling order to disclose experts out of time. Doc. 58. This request came amid a flurry of motion practice, most of which was precipitated by Plaintiff's failure to timely designate an expert. Plaintiff missed his expert deadline by nearly two months. Motions that arose from Plaintiff's failure to meet the expert disclosure deadline were: Defendants' joint motion for summary judgment (Doc. 55), Plaintiff's motion to amend the scheduling order (Doc. 58), Defendants' joint motion to strike (Doc. 68), and the present motion for costs (Doc. 81).

Ultimately, the Court granted Plaintiff's motion to amend the scheduling order and denied Defendants' motion to strike. Doc. 75. In that order, the Court found that Plaintiff failed to show good cause to amend the scheduling order and found that excusable neglect was not present. However, after reviewing the relevant factors, the Court concluded that any prejudice to the Defendants could be cured. Thus, the Court granted the motion to amend the scheduling order which effectively foreclosed summary judgment on that issue (*see* Doc. 76) and allowed Plaintiff to disclose expert testimony. Shortly thereafter, the Defendants filed their motion for costs which seeks an award of costs and attorneys' fees for Plaintiff's dilatory conduct. The briefing on the motion is complete and the Court is prepared to rule.

## II.    Analysis.

Defendants first argue the Court should impose sanctions under several bases, including Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(c), 28 U.S.C. § 1927, and the Court's inherent authority. The Court will first determine whether it has authority to award costs and attorneys' fees and then analyze whether such an award is appropriate under the relevant framework.

Defendant argues that under Fed. R. Civ. P. 16(f)(1)(C), the Court is authorized to award expenses and attorneys' fees when a party or its attorney fails to obey a scheduling order. Plaintiff

does not argue or challenge the Court's authority to impose sanctions under this rule, instead

dedicating most of his brief arguing that sanctions are not appropriate.

Federal Rule of Civil Procedure 16(f) provides:

(1)      In General.  On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) – (vii), if a party or its attorney:

            (A) fails to appear at a scheduling or other pretrial conference;

            (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or

            (C) fails to obey a scheduling or other pretrial order.

(2)      Imposing Fees and Costs.  Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

The Court finds that failing to comply with the deadlines set forth in the scheduling order is conduct

sanctionable under Rule 16(f) and that it has authority to impose sanctions.

Having established the Court's authority, the Court now turns to whether sanctions are

appropriate under the circumstances. The imposition of sanctions under Rule 16(f) is subject to the

court's discretion.  *See Matter of Baker*, 744 F.2d 1438, 1440, 1442 (10th Cir. 1984) (reviewing a

sanction imposed under Rule 16(f) for whether it was supported by the record and within the trial

court's discretion).  Under Rule 16(f)(2), "'[i]n the absence of a finding of bad faith, there must be a

sufficient nexus between noncompliance with the rules and the amount of fees and expenses

awarded as a sanction.'"  *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996) (quoting

*Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990)).

In support thereof, Defendants emphasize that the Court has already found that Plaintiff

failed to show good cause and excusable neglect in relation to his late designation of expert

witnesses.  They point out that the Court's prior order stated that Plaintiff was aware of his expert

disclosure deadline but failed to move for an extension of that deadline until nearly two months after the deadline. Similarly, the Court found that Plaintiff's delay was not compatible with a finding of excusable neglect. Given the Court's findings and the prejudice incurred, Defendants urge the Court to find sanctions appropriate.

In support of their request under Rule 16(f), Defendants cite to *Kiser v. Boeing Co.*, 163 F.R.D. 13 (D. Kan. 1995). Therein, the plaintiff provided an expert report four months after the expert disclosure deadline and after a summary judgement motion had already been filed. *Id.*, at 14. In response, the defendant filed a motion to strike the untimely expert disclosure. *Id.* The court stated:

> The failure to provide expert disclosures in a timely fashion in this case is completely inexcusable. Counsel blatantly ignored the order of this court, and failed to seek additional time if such was needed before expert disclosures could be made. Instead, plaintiff waited until a summary judgment motion had been filed, six weeks after the close of discovery, to produce an expert report which plaintiff had been sitting on for three months. There is no doubt in the court's opinion that defendant has been severely prejudiced by the untimely action of the plaintiff.

*Id.* Ultimately, the court denied defendant's motion to strike and imposed sanctions under Rule 16(f). *Id.* In making that determination, the court held that it "cannot tolerate unexcused disregard of deadlines set by the court which result in serious prejudice to the other party." *Id.* The court in *Kiser* ended up imposing an attorney's fees award of $325.50, which was the amount incurred as a result of filing the motion to strike.

Plaintiff argues that *Kiser* does not support sanctions in this case. He states that the *Kiser* court recognized that "sanctions should not be lightly imposed" and courts should consider "the least severe sanction" when imposing sanctions. Doc. 86, at 2. While the Court acknowledges this principle, the *Kiser* court also found that "the court cannot tolerate unexcused disregard of deadlines set by the court which results in serious prejudice to the other party" and found that sanctions under Rule 16(f) "would appropriately balance these competing concerns." *Kiser*, 163 F.R.D. at 14.

To distinguish *Kiser*, Plaintiff argues that the plaintiff in *Kiser* "provided no explanation for missing the deadline and waited until after summary judgment to disclose experts." Doc. 86, at 8. He contends that his own conduct demonstrated ongoing diligence, engaged discussions with opposing counsel, and extensive explanations for his delay. *Id.*

The Court finds Plaintiff's characterization of his conduct unpersuasive. In the prior order granting leave to amend, the Court found that Plaintiff did not exercise "any degree of due diligence" and provided "no explanation for his delay in seeking relief." Doc. 75, at 9. Further, the court in *Kiser* imposed an attorneys' fees award because the plaintiff disregarded the deadlines in the scheduling order when he attempted to designate an expert several months after the expert disclosure deadline.

Likewise, here, the Court found that Plaintiff ignored deadlines, exercised undue delay, and caused the Defendants prejudice. While the plaintiff in *Kiser* waited four months to designate an expert (and after the discovery deadline), the Plaintiff in this case waited two months and also waited until after a summary judgment motion had been filed. Both circumstances are egregious, and both resulted in unnecessary expense and prejudice to the opposing party. The facts in the case are very similar to the circumstances present in *Kiser*. Therefore, the Court is inclined to impose a sanction of reasonable fees; however, before it does so, it will consider other arguments advanced by Plaintiff.

Plaintiff argues that an appropriate sanction has already been imposed – public reprimand. Specifically, he refers to language in the Court's prior order which stated: "Plaintiff's counsel is warned that future failures to comply with the deadlines set forth in the scheduling order could result in case dispositive sanctions. The Court has no appetite for further delays, particularly from Plaintiff's counsel." Doc. 75, at 16. Plaintiff's conduct may have been lightly rebuked, but it served as a caution that the Court may not be inclined to grant a similar motion in the future. The order

did not, however, serve as a sanction.  Nor did it cure the monetary prejudice Defendants incurred by Plaintiff's mistakes.  The Court also cannot find that its "reprimand" serves the goal "to deter and, if necessary, punish improper conduct."  *Kiser*, 163 F.R.D. at 14.

Plaintiff goes on to argue that a monetary sanction should not be imposed because he was acting in good-faith, and the delays were caused by "legitimate confusion."  Doc. 86, at 5.  Again, the Court cannot agree with Plaintiff's characterization.  The deadlines in the scheduling order were straightforward.  Plaintiff needed to disclose his expert by April 14, 2025.  Instead, Plaintiff waited two months after the fact to ask for additional time, and after the Defendants filed a motion for summary judgment on that issue.  The Court understands that there is some factual dispute as to the existence of agreements made between counsel (*see, e.g.*, Doc. 75, at 6-8), but that does not affect Plaintiff's responsibility to request additional time when deadlines are approaching.  The Court also emphasizes that Plaintiff took no action for nearly two months and waited till after Defendants have filed a motion for summary judgment.  This goes beyond a simple missed deadline and elicits the concerns noted by the *Kiser* court.

Plaintiff next argues that any prejudice to the Defendants is fully curable.  He cites to the Court's prior order which found that the "the prejudice can be cured by deeming Plaintiff's expert disclosure timely served, giving Defendants' time to designate their experts, and resetting the case schedule."  Doc. 75, at 15.  He states that resetting the case schedule and allowing Defendants to prepare their own experts completely remedies any harm from the late designation.  Again, that resolution may have cured the practical prejudice the Defendants incurred regarding preparing their defense and getting the case back on track.  It does not, however, cure the additional expense they incurred from Plaintiff's dilatory conduct.

Plaintiff also presents rehashed arguments from his motion to amend the scheduling order.  He argues that delays in document production prevented him from timely disclosing his experts.  As

the Court noted in its prior order, it may be true that Plaintiff was not able to designate experts, but the appropriate course of action was to request additional time. Plaintiff did not. These arguments were disposed of in the previous order, and the Court will not discuss them further.

Lastly, Plaintiff argues that strategic case decisions are not sanctionable. This refers to a proposal discussed between the parties whereby the Plaintiff would dismiss the case without prejudice subject to certain terms. The parties could not agree on terms and the proposal never materialized. Plaintiff argues that he should not be penalized for not pursing the proposal. It is not entirely clear whether Defendants are pursing attorneys' fees for these matters, but their brief does touch upon these events and, at least impliedly, suggests that Plaintiff's conduct is also responsible for these expenses. The Court will not impose any sanctions relating to the potential dismissal of the case. Further, it will not impose any sanction regarding the previously filed motion to consolidate or Defendants' technical objections to Plaintiff's expert disclosures – issues that Defendants also raise in their brief. Those are too far attenuated from Plaintiff's dilatory conduct regarding the missed expert deadline. *See Olcott*, 76 F.3d at 1557 (finding that there must be a sufficient nexus between noncompliance with the rules and the fees awarded as a sanction).

However, the Court will impose some monetary sanctions under Rule 16(f).[1] The Court agrees that reasonable monetary sanctions would be the least severe sanction to serve the purpose of deterrence and compensating Defendants for the extreme delays in this case. To be clear, the Court is not imposing monetary sanctions only because a deadline was missed. But because of the length

---

[1] Since the Court finds that it has sufficient basis to impose sanctions under Rule 16(f), it need not make a finding as to Defendants' arguments under Rule 37(c) and 28 U.S.C. § 1927. However, as to Defendants' argument that the Court may impose sanction on its own inherent authority, the Court agrees that is also has authority it impose sanctions on that basis. *In re Byrnes*, No. BR 20-01070-T, 2023 WL 4362384, at *9 (D. N.M. July 6, 2023) (stating that the court "may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs"). *See also Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1179 (10th Cir. 2009). The Court's inherent authority to impose sanctions "can be invoked even if procedural rules exist which sanction the same conduct." *Id.* at 49.

of delay, the resulting motion practice it caused, and the unnecessary expense Defendants incurred, the Court finds these particular circumstances warrant a modest award of fees. Since the failure to timely provide the expert report is clearly the error of counsel, whatever sanctions are imposed by the Court will be imposed against Plaintiff's counsel and not the Plaintiff.

"The Court should consider the following circumstances when determining the monetary sanctions appropriate in a given case, all of which serve as limitations on the amount assessed: (1) reasonableness calculation, (2) minimum to deter, (3) ability to pay, and (4) other factors (i.e., offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved)." *Kiser*, 163 F.R.D. at 15. Consistent with the above factors, the Court will consider an award of fees for: (1) the motion for summary judgment (Docs. 55, 64), (2) the motion to amend the scheduling order (Doc. 65), and (3) Defendants' motion to strike (Docs. 68, 70). Defendants are cautioned that it will not impose an award of excessive attorneys' fees or award fees for duplicative tasks given that the motions were filed jointly.

No later than **November 19, 2025**, Defendants shall provide Plaintiff with the exact dollar amount attributed to the motions set forth above along with the corresponding billing statements. Thereafter, the parties must confer on or before **December 3, 2025**, in an attempt to reach an agreement regarding the issue of reasonable attorneys' fees and expenses. Again, the Court cautions Defendants that it will not impose an excessive award of fees, and any request should be limited to the reasonable attorneys' fees and expenses directly attributable to filing a response to Plaintiff's motion to amend the scheduling order, filing the motion to strike, and filing the motion for summary judgment.

If the parties are unable to agree as to an appropriate amount of attorneys' fees and expenses, no later than **December 10, 2025**, Defendants shall file an affidavit and any supporting

memoranda setting forth the claimed attorneys' fees and expenses sought.  Plaintiff shall then have until **December 17, 2025**, to file a response.  After reviewing the affidavit and any filed response, the Court will enter a short order imposing its award of reasonable fees.  The Court will take the above factors into consideration when imposing the sanction.

In sum, the Court finds that Plaintiff's counsel's failure to timely designate experts, combined with the nearly two-month delay before seeking relief, warrants a monetary sanction limited to the reasonable expenses Defendants incurred in responding to the motion to amend, filing the motion to strike, and filing the summary judgment motion necessitated by that failure.

**IT IS THEREFORE ORDERED** that Defendants' motion for costs (Doc. 81) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the parties confer regarding reasonable expenses by **December 3, 2025**.  If an agreement cannot be reached, Defendants shall file an affidavit by **December 10, 2025**, setting forth the reasonable expenses requested.  Plaintiff may file a response on or before **December 17, 2025**.

**IT IS SO ORDERED.**

Dated November 12, 2025, at Wichita, Kansas.

<u>/s/</u>
Brooks G. Severson
United States Magistrate Judge